**William R. DIAL, Plaintiff–Appellant,**

v.

**STATE of Tennessee,
Defendant–Appellee.**

Supreme Court of Tennessee,
at Nashville.

Sept. 17, 1990.

Gene Hallworth, Columbia, for plaintiff-appellant.

Charles W. Burson, Atty. Gen. and Reporter, Michael W. Catalano, Deputy Atty. Gen., Nashville, for defendant-appellee.

## OPINION

FONES, Justice.

Plaintiff, a National Guardsman, appeals from a decision of the Tennessee Claims Commission that his workers' compensation claim against the State was barred by the one-year statute of limitations, T.C.A. § 50–6–203, rejecting his contention that "incapacitation pay" and medical bills paid by the federal government tolled the running of the limitation period. We affirm.

Plaintiff was a cook with the Tennessee Air National Guard when he was injured in line of duty on 4 July 1982.

Plaintiff's claim for workers' compensation against the State was filed 14 December 1983. The State admits that he was a State employee at the time of the injury.

In response to the State's plea of the one-year statute of limitations, Plaintiff asserts that payments to him and to his medical providers by the federal government that were made as late as 5 January 1983 qualify as "voluntary payments of compensation"; within the meaning of T.C.A. § 50–6–203 and his suit filed within one year of the cessation of those payments was timely.

As a result of the injury Plaintiff sustained he had a disc removed from his lower back by a civilian surgeon in November 1982. He was last seen by the surgeon on 4 January 1983, at which time he was released to return to work. The federal government paid medical bills from civilian sources totaling $3,946.80 and paid Plaintiff approximately $9,807 as "incapacitation pay" for the period 18 July 1982 through 5 January 1983. The last payment of medical and incapacitation was made on 5 January 1983. On 8 February, Plaintiff's disability status was changed from "injury" to "disease" which had the result of limiting his eligibility for incapacitation pay to 6 months.

The State affirmatively proved that no payments of any benefits under the Tennessee Workers Compensation Act were made by the State of Tennessee and Plaintiff does not contend otherwise.

The first issue is whether the payments by the federal government were "voluntary payments of compensation" "payable under this chapter" by the employer, the statutory requirements for tolling the period of limitation.

T.C.A. § 50–6–203 reads as follows:

The right to compensation under the Workers' Compensation Law shall be forever barred, unless within one (1) year after the accident resulting in injury or death occurred the notice required by § 50–6–202 is given the employer and a claim for compensation under the provisions of this chapter is filed with the tribunal having jurisdiction to hear and determine the matter; provided that, if within said one (1) year period voluntary payments of compensation are paid to

the injured person or his dependents, an action to recover any unpaid portion of the compensation, payable under this chapter, may be instituted within one (1) year from the time the employer shall cease making such payments, except in those cases provided for by § 50–6–230.

This Court has not ruled on the issue and there is a split of authority among the jurisdictions that have considered the issue, under varying statutory language. Larson's comments on the issue are, in part, as follows:

As to whether payment under a different compensation act satisfies this description, the cases are split between those holding that the statute tolled and those holding it not tolled. The result may be affected by the wording of the statute; California's phrase "payment of any compensation," certainly makes it easier to hold that compensation paid under the act of a sister state is included. But when the phrase is merely "payment of compensation," the literal juxtaposition of this section and the definition section may lead a court to rule out compensation paid under other acts. A federal district court has added another possible argument, which is that the rule refers to voluntary payment of benefits, while payment under an award in another jurisdiction would be compulsory.

Plaintiff's counsel has filed an excellent brief and presented some very appealing arguments, based primarily upon the dual status of National Guardsmen as employees of both the State and federal governments. Plaintiff also relies upon Public Acts 1986, Chapter 626, Section 8, as being a "coordination of benefits" between the two employers, which Plaintiff argues indicates a legislative intent that injured guardsmen should exhaust any and all federal entitlements prior to seeking compensation from the State. The Act was not in effect at any time relevant to this case and cannot be given retrospective application. *See Alley v. Consolidation Coal Co.*, 699 S.W.2d 147 (Tenn.1985).

Also, it is relevant to note that we are not dealing with a situation where a limita-tion period begins and ends before the necessary legal elements coalesce, so that a plaintiff is in a position to present a claim or file suit. Plaintiff had a period of approximately five months after the federal government terminated payment of benefits before the limitation period expired on any claim against the State under the Workers' Compensation Act. The first notice the State had that Plaintiff intended to seek workers' compensation for his 4 July 1982 injury was the filing of suit, 14 December 1983.

The plain language of the tolling provision of T.C.A. § 50–6–203 requires, for its application, that (1) voluntary payments of compensation, (2) payable under this chapter, (3) be made by the employer. Obviously the employer requirement can only be satisfied by an employer subject to the Workers' Compensation Act, and liable to its employee for payment of benefits under the Act. The federal government does not meet those requirements, and the fact that it is a sometimes employer of National Guardsmen is not relevant in applying the tolling provision of the statute.

Plaintiff seeks to invoke the doctrine of estoppel against the State. He states the issue as follows: "The statutory scheme of cooperation and coordination between the State and the Federal government and the reasonable implications of such intent raises an estoppel issue ..." He adds that the purpose of the tolling provision is to prevent a potential claimant from being misled by an employer's voluntary acts which reasonably indicate an acceptance of responsibility for the employee's injury.

We have shown that whatever significance Public Acts of 1986, Chapter 626, Section 8, might have on the interpretation of the tolling provision of the Workers' Compensation statute of limitations, it cannot be applied to this case. In addition, there was no *affirmative action* taken by the State upon which to predicate the doctrine of estoppel. In *Bledsoe County v. McReynolds*, 703 S.W.2d 123 (Tenn.1985) this Court examined the entire body of Tennessee law involving the application of

estoppel to public agencies and public officials, and concluded as follows:

> It is significant to observe that in those Tennessee cases where estoppel was applied, or could have been applied, the public body took affirmative action that clearly induced a private party to act to his or her detriment, as distinguished from silence, non-action or acquiescence. *Id.* at 125

There is nothing in this case upon which to predicate the essential element of inducement, except silence and inaction.

The judgment of the Tennessee Claims Commission dismissing Plaintiff's claim is affirmed. Costs are adjudged against Plaintiff.

DROWOTA, C.J., and COOPER, HARBISON and O'BRIEN, JJ., concur.