James E. CARPENTER,
Claimant–Appellant,

v.

STATE of Tennessee, Defendant–
Appellee.

Supreme Court of Tennessee,
at Nashville.

Sept. 28, 1992.

Howell G. Clements, John M. Higgason, Jr., Reingold, Clements & Schulman, P.C., Chattanooga, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, and John Knox Walkup, Sol. Gen., and Mark A. Hudson, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

ANDERSON, Justice.

The only issue we address in this workers' compensation case is whether incapacitation pay and medical expenses paid by the federal government and Medicaid benefits paid by the state government are "voluntary payments of compensation", which toll the one-year statute of limitations contained in Tenn.Code Ann. § 50–6–203. The Claims Commissioner held that the statute of limitations was not tolled by the payments and dismissed the state employee's complaint. We agree and affirm.

## FACTS

On October 25, 1985, while on active duty with the Tennessee Army National Guard, the plaintiff, James E. Carpenter, was injured in a motor vehicle accident when the truck in which he was a passenger was struck from the rear by another vehicle. Because of the accident, Carpenter was hospitalized for two days at the Hart Medical Center, where it was determined that he had suffered back and neck injuries which eventually required surgery.

As a result of his injury, Carpenter received incapacitation pay from the U.S. Department of the Army from November of 1985 to December 31, 1986. Carpenter also received back pay from January 1987 until his honorable discharge on July 30, 1987. The Department of the Army also paid medical, doctor, and hospital bills totaling $10,199.85, with the last payment being made March 16, 1987.

On March 1, 1987, unable to work, Carpenter became eligible for and received state Medicaid benefits through June 30, 1989, and again from January 1, 1990, through July 31, 1990.

On May 28, 1987, Carpenter submitted a claim to the Tennessee Board of Claims for workers' compensation benefits for the injuries he sustained in the 1985 accident. His claim was denied on the grounds that it was barred by the one-year statute of limitations contained in Tenn.Code Ann. § 50–6–203.

At the appeal hearing before the Claims Commissioner, Carpenter contended that the federal government's payment of inca-pacitation pay and medical expenses, and the state's payment of Medicaid benefits, were "voluntary payments of compensation" which tolled the statute of limitations. The plaintiff also argued that the doctrine of equitable estoppel tolled the statute.

The Claims Commissioner found that neither the federal benefits, nor the state Medicaid benefits, had any relationship to the plaintiff's status as a state employee, and were not "voluntary payments of compensation" under the workers' compensation statutes which would toll the statute of limitations. In addition, the Commissioner found no affirmative action on the part of the state upon which to predicate the doctrine of estoppel. Since the plaintiff's claim was filed one year and seven months after the accident, the Commissioner held the plaintiff's claim barred by the one-year statute of limitations.

## VOLUNTARY PAYMENTS OF COMPENSATION

The only issue on appeal is whether the Claims Commissioner correctly held that the plaintiff's claim is barred by Tenn.Code Ann. § 50–6–203 (1983 & 1991). That section provides:

**50–6–203. Limitation of time.—**The right to compensation under the Workers' Compensation Law shall be forever barred, unless within one (1) year after the accident resulting in injury or death occurred the notice required by § 50–6–202 is given the employer and a claim for compensation under the provisions of this chapter is filed with the tribunal having jurisdiction to hear and determine the matter; *provided that, if within said one (1) year period voluntary payments of compensation are paid to the injured person or his dependents, an action to recover any unpaid portion of the compensation, payable under this chapter, may be instituted within one (1) year from the time the employer shall cease making such payments,* except in those cases provided for by § 50–6–230.

(Emphasis added.)

The plaintiff contends that the Claims Commissioner erred in holding his claim

barred by the statute, because the federal benefits and state Medicaid benefits were "voluntary payments of compensation" which tolled the statute of limitations. The state, on the other hand, argues that this case is controlled by this Court's decision in *Dial v. State*, 796 S.W.2d 143 (Tenn.1990), and that the Commissioner correctly held the plaintiff's claim time barred.

In *Dial v. State, supra,* a Tennessee Air National Guardsman was injured in the line of duty, received incapacitation pay and medical benefits from the federal government, and filed a claim more than one year after the injury. When the state interposed the one-year statute of limitations as a defense, Dial contended that the federal benefits were "voluntary payments of compensation" which tolled the statute. We rejected the plaintiff's argument and held that medical benefits and incapacitation pay received from the federal government were not voluntary payments of compensation within the meaning of § 50–6–203, because the federal government is not an employer subject to the Tennessee Workers' Compensation Law. *Id.,* 796 S.W.2d at 145.

The plaintiff, however, contends that this case is distinguishable from *Dial v. State, supra,* for two reasons. First, the plaintiff argues that he was given Medicaid benefits by the state, benefits which were not given to the plaintiff in *Dial,* and, second, he contends that Tenn.Code Ann. § 58–1–230(c) (which requires a coordination of benefits payable by the state and federal governments to injured members of the Tennessee National Guard) was not applicable in *Dial,* but is applicable here, and makes the federal benefits qualify as "voluntary payments of compensation."

The state responds that the fact Carpenter was paid Medicaid benefits by the state does not make this case different from *Dial v. State, supra.* The state contends that the Medicaid benefits were not related to the plaintiff's status as an employee of the state, but rather were based upon his status as a medically needy person. The state also insists that the payment of Medicaid benefits did not toll the running of the statute because they are similar to payments from an employer's group medical

insurer, payments which this Court has held are not "voluntary payments of compensation" tolling the statute of limitations. *See Union Carbide Corp., Food Products Division v. Cannon,* 523 S.W.2d 360 (Tenn.1975). In addition, the state argues that application of Tenn.Code Ann. § 58–1–230(c) to the facts of this case does not strengthen the plaintiff's position because that statute refers to a coordination of federal benefits and "any workers' compensation benefits provided by the state."

▮ After reviewing the record and the relevant case law, we agree with the state. It is clear that the federal benefits received by the plaintiff do not qualify as "voluntary payments of compensation" within the meaning of Tenn.Code Ann. § 50–6–203. *Dial v. State,* 796 S.W.2d at 145. It is also clear that the Medicaid benefits received by Carpenter were not "voluntary payments of compensation" from the state because they were not "made pursuant to an obligation imposed by the workmen's compensation statutes." *Union Carbide Corp., Food Products Division v. Cannon,* 523 S.W.2d at 364. Instead, the Medicaid benefits were paid after the plaintiff was determined to be independently eligible for medical assistance. *See* Tenn.Code Ann. § 71–5–106 (1987 & Supp.1991). Accordingly, any Medicaid benefits received by the plaintiff had no relationship to his status as an employee of the state.

▮ We also conclude that Tenn.Code Ann. § 58–1–230 (1980 & 1989) is of no assistance to the plaintiff's position. This statute simply provides that when any member of the national guard is injured while performing duty, he or she shall be compensated in the same manner as under the Workers' Compensation Law, and if he or she receives state Workers' Compensation benefits, they shall be reduced by the federal benefits paid, such as incapacitation pay and medical expenses.

Clearly § 58–1–230 contemplates a coordination of federal benefits and "any workers' compensation benefits provided by the state," not a coordination of federal benefits and "any benefits provided by the state." Since no workers' compensation

benefits have been provided by the state, the statute is inapplicable.

Finally, the plaintiff contends that even if the receipt of federal and state benefits did not toll the statute of limitations, the doctrine of equitable estoppel is applicable. Relying on *Lusk v. Consolidated Aluminum Corp.*, 655 S.W.2d 917 (Tenn 1983), the plaintiff contends that he was misled into believing that the benefits he was receiving were workers' compensation benefits, and as a result, the state should be estopped to rely upon the one-year statute of limitations.

■ It is well settled that an employer may be estopped to rely on the one-year statute of limitations if the employee justifiably relies upon a misrepresentation or concealment of a material fact on the part of the employer which results in failure to file suit within the one-year period of limitations. *Lusk v. Consolidated Aluminum Corp.*, 655 S.W.2d at 920. It is also well settled that

> equitable estoppel embraces not only ideas conveyed by words written or spoken and things actually done but includes the silence of one under a duty to speak and his omission to act, as well; negligent silence may work an equitable estoppel, and acts or conduct which are calculated to mislead and do in fact mislead will work an estoppel notwithstanding there was no intention to do so.

*Id.* (citations omitted). However, public agencies are not subject to equitable estoppel to the same extent as private parties, and exceptional circumstances are required to invoke the doctrine against the state and its governmental subdivisions. *Bledsoe County v. McReynolds*, 703 S.W.2d 123, 124 (Tenn.1985). In the cases where estoppel has been applied against a public body, there was affirmative action that clearly induced the private party to act to his or her detriment, as distinguished from silence, non-action, or acquiescence. *Id.*, 703 S.W.2d at 125.

■ On this record, there is no evidence of affirmative conduct on the part of the state inducing the plaintiff to act to his detriment. Moreover, there is not even evidence of negligent silence on the part of

the state that would be sufficient to work an estoppel upon a private employer. The facts of this case are very different from *Lusk v. Consolidated Aluminum Corp., supra,* where the employee was given "disability" checks for "lost time" from the employer's group health insurance carrier, as opposed to the employer's workers' compensation carrier. *Lusk*, 655 S.W.2d at 919. In this case, the plaintiff merely received Medicaid benefits from the state, benefits that any qualified citizen may receive regardless of one's status as a state employee. Therefore, as in *Bledsoe County v. McReynolds, supra,* there is nothing in this case upon which to base the essential element of inducement, except mere silence and inaction, which is insufficient to estop the state. *McReynolds*, 703 S.W.2d at 125.

Accordingly, having found that the federal and state benefits were not "voluntary payments of compensation" tolling the statute of limitations, and having found no evidence upon which to predicate the doctrine of equitable estoppel, we hold that the plaintiff's claim for workers' compensation benefits is barred by the one-year statute of limitations contained in Tenn.Code Ann. § 50–6–203. As a result, the judgment of the Claims Commissioner is affirmed in all respects. The costs of this appeal are taxed to the plaintiff-appellant.

REID, C.J., and DROWOTA, O'BRIEN and DAUGHTREY, JJ., concur.