IN THE COURT OF APPEALS
AT KNOXVILLE

**FILED**

**February 25, 1999**

**Cecil Crowson, Jr.**
**Appellate Court**
**Clerk**

WILLIAM G. BRASHEARS and wife    )    KNOX COUNTY
DONNA BRASHEARS                  )    03A01-9809-CV-00298
                                 )
    Plaintiffs-Appellants        )
                                 )
                                 )
    v.                           )    HON. DALE WORKMAN,
                                 )    JUDGE
                                 )
CITY OF KNOXVILLE POLICE         )
DEPARTMENT                       )
                                 )
    Defendant-Appellee           )    AFFIRMED AND REMANDED


JAMES L. MILLIGAN, JR., OF KNOXVILLE FOR APPELLANTS

RONALD E. MILLS, Assistant City Attorney, City of Knoxville, FOR APPELLEE


O P I N I O N


                                        Goddard, P.J.


        William and Donna Brashears appeal the Knox County
Circuit Court's ruling of summary judgment in favor of the City
of Knoxville.  The Brashears contend that the Circuit Court
improperly granted the motion for summary judgment because it did
not recognize nor apply the doctrines of equitable estoppel or
equitable tolling in their favor.  We agree with the Circuit
Court's ruling and, therefore, affirm the judgment.

The facts of this case are not disputed by either party. On March 4, 1996, the Knoxville Police Department enlisted the services of Mr. Brashears in order to facilitate the arrest of Mr. Brashears' neighbor, James Martin. Mr. Brashears was asked by the Knoxville Police Department to lure Mr. Martin out of his home in order to make the arrest easier for the police. Mr. Brashears complied with the request, and was able to get Mr. Martin to come out of his home. The police promptly arrested Mr. Martin and an arrest report was subsequently filed. Mr. Brashears was not arrested by the police nor was an arrest report filed; however, in order to keep Mr. Brashears' role in the arrest a secret, the police also went through the formalities of handcuffing Mr. Brashears and placing him in the back of a patrol car.

According to the Brashears' Complaint, the Knoxville Police Department's treatment of Mr. Brashears was so "rough," that it caused a ruptured vertebrae in his cervical spine. Specifically, Mr. Brashears claims that he suffered this injury as a result of being left in the patrol car for over ten minutes with his hands handcuffed behind his back.

In order to discover the date for the cause of this action, the Brashears' attorney performed a small investigation for arrest reports associated with the incident on March 4, 1996. A law clerk working for the Brashears' attorney inquired into the date of arrest of Mr. Brashears by the KPD. The KPD informed the law clerk that there was no arrest report for Mr. Brashears. The law clerk also inquired of the Knox County Sheriff's Department for an arrest record of either Mr. Brashears or Mr. Martin.

Unbeknownst to the plaintiff, his attorney, and the law clerk, Mr. Martin was also arrested on March 15, 1996, in addition to the arrest involving Mr. Brashears on March 4, 1996. Thus, when the Knox County Sheriff's department provided an arrest report for Mr. Martin dated March 15, 1996, Mr. Brashears and his attorney incorrectly assumed that this was the date on which the cause of action accrued.[1]

In order to pursue a claim for his alleged injuries, Mr. Brashears filed suit against the Knoxville Police Department. The Plaintiff filed an amended complaint changing the defendant to the City of Knoxville on May 22, 1997. Mr. Brashears' suit falls under the Tennessee Governmental Tort Liability Act because the City of Knoxville is a governmental entity. TCA 29-20-101 et seq. The Governmental Tort Liability Act provides a 12 month statute of limitations period. TCA 29-20-305(b). Mr. Brashears filed his suit on March 14, 1997, and, therefore, failed to meet the one year statute of limitations period because the cause of action arose on March 4, 1996, more than one year before the date of the court filing.

The City of Knoxville moved for summary judgment on the basis that there was no genuine issue of material fact, and thus, a ruling in favor of the City based upon the applicable statute of limitations was in order. The Knox County Circuit Court

_____

[1]The record does not disclose why the Knox County Sheriff's Office did not provide an arrest record for Mr. Martin on March 4, 1996. Additionally, the record does not disclose why the law clerk working for the Brashears' attorney failed to ask the Knoxville Police Department for Mr. Martin's arrest records.

agreed with the City, and on July 28, 1998, the Circuit Court ordered the case dismissed.

II. Summary Judgment

Summary judgment is properly ordered when there are no genuine issues as to any material facts and the moving party is entitled to a judgment as a matter of law. Byrd v. Hall, 847 S.W.2d 208, 214 (Tenn.1993). After a trio of decisions by the United States Supreme Court in 1986, the role of summary judgment in adjudication has become much more prominent. See Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505 (1986); Matsushita Elec. Indus. Co., v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348 (1986). The success or failure of a party's case sometimes depends, therefore, upon a complete understanding of the procedure for summary judgment.

The evaluation of any summary judgment motion starts with the same three issues: "(1) whether a *factual* dispute exists; (2) whether the disputed fact is *material* to the outcome of the case; and (3) whether the disputed fact creates a *genuine* issue for trial." Byrd v. Hall, 847 S.W.2d 208, 214 (Tenn.1993). Because the City rested its summary judgment motion upon a statute of limitations defense, only a factual dispute regarding that defense will overcome the Circuit Court's ruling. In other words, the Brashears would have to demonstrate that there is a genuine issue of material fact regarding the date of Mr. Brashears' injury.

4

Initially, the burden of proving the summary judgment motion rested with the City. In asserting the statute of limitations defense, the City had to prove that there were no disputes with regard to: (1) the statute of limitations properly applicable to the Brashears' cause of action; (2) the date on which the cause of action accrued; and (3) the date on which suit was filed. Wilkins v. Third Nat'l Bank in Nashville, 884 S.W.2d 758, 761 (Tenn.Ct.App.1994). Elements (1) and (3) are self-evident from the pleadings. The Circuit Court Clerk's stamp shows without a doubt that the Brashears filed their complaint on March 14, 1997. The proper statute of limitations is also dictated by the Brashears' Amended Complaint asserting a cause of action under the Tennessee Governmental Tort Liability Act. TCA 29-20-101 et seq. As stated above, that act provides a one-year statute of limitations in which to file suit.

The crux of this matter is element (2), the date on which the cause of action accrued. In order to support its motion, the City offered the deposition testimony of those involved in the incident on March 4, 1996. Specifically, Officer Ben Edmunson's testimony shows that the cause of action accrued on March 4, 1996. As the Tennessee Supreme Court wrote in Byrd:

> When the party seeking summary judgment makes a
> properly supported motion, the burden then shifts to
> the nonmoving party to set forth specific facts, not
> legal conclusions, by using affidavits or the discovery
> materials listed in Rule 56.03, establishing that there
> are indeed disputed, material facts creating a genuine
> issue that needs to be resolved by the trier of fact
> and that a trial is therefore necessary. The nonmoving
> party may not rely upon the allegations or denials of
> his pleadings in carrying out this burden . . . .

5

<u>Byrd</u>, 847 S.W.2d at 215.  Thus, the burden was on the Brashears to provide some proof that challenged the City's proof as to the date the cause of action accrued.  This the Brashears did not do.

Instead, the attorney for the Brashears argued that the City raised the statute of limitations defense some eleven months after filing its initial answer, and second, that the Brashears detrimentally relied upon the Knox County Sheriff's Department to provide them with the correct date for this cause of action. Unfortunately for the Brashears, these arguments are legal in nature; they do not meet the burden of providing that a genuine issue of material fact exists regarding the defense asserted by the City. See <u>Wilkins v. Third Nat'l Bank in Nashville</u>, 884 S.W.2d 758, 761 (Tenn.Ct.App.1994).

The rules regarding summary judgment are clear.  The adverse party to a summary judgment motion must defend the motion by setting "forth specific facts showing that there is a genuine issue for trial." Tennessee Rules of Civil Procedure 56.06.  The adverse party may not "rest upon the mere allegations or denials of the adverse party's pleading . . . ." Tennessee Rules of Civil Procedure 56.06.  The Brashears failed to offer any evidence disputing the date on which this cause of action accrued.  The granting of the summary judgment motion by the Circuit Court was, therefore, proper under the circumstances.

II.  Legal Arguments of the Brashears

Viewing the Brashears' appellate brief in the best possible light, their main argument is not that summary judgment was improper, but that the City should be estopped from asserting

6

the statute of limitations defense.  Thus, a trial proving the negligence of the City and the damages of Mr. Brashears would be in order.  In defense of their position, the Brashears argue that they detrimentally relied upon the Knoxville Police Department and the Knox County Sheriff's Department for determining the date on which to file their complaint in order to meet the statute of limitations.  After a review of the legal arguments offered by the Brashears, we find that they are without merit.

First, the Brashears argue that the City should be equitably estopped from asserting the statute of limitations defense because the Brashears detrimentally relied upon the City to provide the correct date on which this cause of action accrued.  Normally, exceptional circumstances are required to invoke the estoppel doctrine against the State and its governmental subdivisions. Carpenter v. State, 838 S.W.2d 525, 528 (Tenn.1992) (citing Bledsoe County v. McReynolds 703 S.W.2d 123, 124 (Tenn.1985)).  For analysis purposes only, we will disregard the exceptional circumstances requirement in order to present a complete review of the estoppel doctrine under the facts present in this case.

Recently, this Court discussed the doctrine of equitable estoppel in Smith v. Shelby Ins. Co., 936 S.W.2d 261, 263-64 (Tenn.Ct.App.1996), and outlined the necessary elements required for successfully asserting equitable estoppel. Quoting from the case of Gitter v. Tennessee Farmers Mut. Ins. Co., 60 Tenn.App. 698, 704, 450 S.W.2d 780, 783 (1969), we wrote:

7

> [t]he essential elements of an equitable estoppel as
> related to the party claiming the estoppel, are, (1)
> lack of knowledge and of the means of knowledge of the
> truth as to the facts in question;  (2) reliance upon
> the conduct of the party estopped, and (3) action based
> thereon of such a character as to change his position
> prejudicially.

(Citation omitted).

The Brashears cannot properly assert estoppel based upon these three elements because they are not able to show either a lack of knowledge of the true date of the incident, or that they relied upon the City prejudicially.  Discussing the lack of knowledge element first, there is no basis for Mr. Brashears to claim a lack of knowledge under these circumstances when he was present at the time of the alleged injury.  Even if it is true that Mr. Brashears could not pin-point the exact date on which the incident occurred, it appears unlikely that he could not at least indicate an approximate time or range of weeks within which the event took place.  Surely the one year statute of limitations period is not overly burdensome for someone who was present when the incident occurred and claims to have suffered a spinal injury.

Turning our attention to prejudicial reliance, we note that the strongest evidence available tending to show any level of reliance by the Brashears on the City of Knoxville occurred when the KPD informed the Brashears that there was no police report for Mr. Brashears filed on the date of the incident.  Coupled with their subsequent discovery of only one arrest report for Mr. Martin on March 15, 1996, it is understandable why the Brashears assumed that this was in fact the date of the incident.

8

An erroneous assumption by the Brashears, however, does not by itself prove reliance upon the City. We will not allow the Brashears to blame the City for their erroneous assumptions when in truth, the KPD stated correctly that Mr. Brashears was not arrested. The doctrine of estoppel does not permit the Brashears to assert that they relied to their prejudice upon the truth.

Likewise, we are unconvinced that the actions of the Knox County Sheriff's Department prejudiced the Brashears. In addition to the fact that the Knox County Sheriff's Department does not serve as an agent for the City of Knoxville, the fact remains that it is not the duty of the Knox County Sheriff's Department, nor the KPD, to serve as an insurer for the validity of the information it provides to plaintiffs' attorneys. At the end of the day, it is the Brashears' responsibility to file only those claims that were the subject of a thorough and complete investigation into all the facts and circumstances. The City of Knoxville is not required to supplement the Brashears' lack of diligence in the prosecution of their claim.

Finally, the Brashears argue that the doctrine of equitable tolling of the statute of limitations should be applied under the circumstances of this case. Unfortunately for the Brashears, Tennessee courts do not recognize the doctrine of equitable tolling. Weber v. Moses, 938 S.W.2d 387, 392 (Tenn.1996)(citing Norton v. Everhart, 895 S.W.2d 317, 321 (Tenn.1995)(choosing in favor of the existing doctrine of equitable estoppel over equitable tolling)). We cannot, therefore, rule in the Brashears' favor based upon this argument.

9

III. Conclusion

The Circuit Court for Knox County was correct in deciding that there was no genuine dispute as to any material fact in this case. The Brashears failed to present any proof that a genuine issue of fact existed regarding the date the cause of action accrued.

We affirm the judgment of the Trial Judge and remand the case for collection of costs below. Costs of appeal are adjudged against Mr. and Mrs. Brashears and their surety.

_____
Houston M. Goddard, P.J.


CONCUR:


_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.