Grover **LUSK, Plaintiff-Appellee,**

v.

**CONSOLIDATED ALUMINUM CORPORATION, Defendant-Appellant.**

Supreme Court of Tennessee.

Aug. 8, 1983.

William Peeler, Waverly, for defendant-appellant.

Larry Hicks, Camden, for plaintiff-appellee.

## OPINION

BROCK, Justice.

The plaintiff was awarded worker's compensation benefits by the trial court and the defendant appeals, asserting that the trial court erred in failing to sustain its plea that the one year statute of limitations had run prior to filing of the complaint. We affirm the decree of the trial court.

On January 22, 1978, while in route from the defendant's manufacturing plant to the plaintiff's parked automobile at the conclusion of his work shift, the plaintiff slipped and fell on ice in the parking lot owned and maintained by the employer for the benefit of the plaintiff and other employees. He immediately experienced severe pain due to a fracture of his hip but was able to reach his automobile and proceed to his home. Other employees of the defendant who were arriving at the defendant's plant were aware of the accident suffered by the plain-

tiff and reported the same to Mr. Rudy Rice, a foreman for the defendant.

In compliance with a procedure prescribed by the defendant, the plaintiff, on the day following the accident, reported to a guard at one of the gates of defendant's plant concerning the accident on the previous night and that he had suffered injuries which made it impossible for him to report for duty. The plaintiff made this report by calling a telephone number which employees were instructed to use for making such reports. According to the procedure set up by the defendant it was then the duty of the guard to report the information to the foreman of the injured employee.

Soon thereafter the plaintiff began receiving checks from the Provident Life & Accident Insurance Company in the amount of $125.00 per week which were designated as "lost time pay for a period below: . . ." and designated as "code no. 31" which was explained on the back side of an attachment to the check as "disability (loss of time)." The plaintiff continued to receive these checks throughout the period of his temporary total disability, the last one being dated June 13, 1978. Moreover, several thousand dollars in medical expenses were paid to physicians and hospitals in behalf of the plaintiff by the Provident Life & Accident Insurance Company by checks made payable directly to the health facility providing care.

The plaintiff testified that he believed that these checks, both those which purported to be for "lost time" or "disability" and those paying for his medical treatment, were paid in discharge of obligations owed by the defendant employer to the plaintiff under the terms of the worker's compensation laws of Tennessee.

It is shown in the evidence that these payments were made pursuant to an "Accident and Sickness" group insurance policy purchased and maintained solely by the employer for the benefit of its hourly employees as a benefit resulting from collective bargaining between the employer and a labor organization representing the hourly employees. These benefits were paid under this policy to covered employees who suffered disability whether the disability were the result of an accident arising out of and in the course of employment or not. If the disability of the employee were one deemed not to be covered by the Worker's Compensation Act of Tennessee, the employee received one check from the Provident Life & Accident Insurance Company; but if the disability were one deemed to be covered by the worker's compensation laws of Tennessee the employee would normally receive two checks, one from the Aetna Casualty Company representing the worker's compensation benefit and a second, supplemental, check from the Provident Life & Accident Insurance Company making up the difference between the amount of the worker's compensation benefit and the benefit payable under the Provident policy.

It appears clearly from the evidence that neither the plaintiff nor his foreman, Rice, was aware of this dual system of coverage and payments. Mrs. Virginia Baker, the "insurance clerk" of the defendant testified that in case of any lost time whether due to an on-the-job injury or an injury or illness that was not work connected the same insurance forms were used, all of them being Provident Life & Accident Insurance Company forms, as were used in the instant case. Mrs. Baker further testified that on the checks which the employee would receive in the case of a disability, either work connected or not work connected, there would appear only the name of the insurance company, Provident, and the designation "Code 31," but there would be no designation whether or not it was worker's compensation or payments under the group policy.

Upon this evidence the trial court made the following finding:

"The court is of the opinion that the workman in this case, Mr. Lusk, reasonably relied upon these checks as being workmen's compensation checks. They

were 'disability.' He may or may not have known that there were other disability plans available through his employer, but—and there is evidence the other way, these insurance forms and so forth, which the court, quite frankly, doesn't put a lot of faith in, the way they are generally processed.

"The amount of workmen's compensation that will be available to the plaintiff in this case would not be something that would be within the purview of his knowledge, and he wouldn't know exactly how much workmen's compensation would be.

"Therefore, the court feels that he, not intentionally, but was led to believe that he was drawing workmen's compensation benefits. Therefore, the motion to dismiss on the statute of limitations is over-ruled and denied."

Again, at the conclusion of all of the evidence, in announcing his decision, the trial judge found as follows:

"With regard to the statute of limitations, the court has previously ruled, and I renew my earlier ruling, I see no reason to change it. The payments received, if received by any reasonable, prudent employee, could be and were in this case, received by Mr. Lusk as workmen's compensation. It would seem to me that he would have no way to know that he would get two checks instead of one, or how much he would get, and from the proof I believe that the code on the check would have been the same.

"Therefore, the statute of limitations, I think would not bar his complaint in this situation."

■ It is, of course, well settled that the employer or its insurer may be estopped to rely upon the one year statute of limitations provided by T.C.A., § 50–6–203, for the filing of a worker's compensation claim if the plaintiff employee justifiably relies upon a misrepresentation or concealment of a material fact on the part of the employer which results in failure to file suit within the one year period of limitations. *American Mut. Liability Ins. Co. v. Baxter,* 210 Tenn. 242, 357 S.W.2d 825 (1962); *Ryan v. Lumbermen's Mut. Cas. Co.,* Tenn., 485 S.W.2d 548 (1972); *Bellar v. Baptist Hospital,* Tenn., 559 S.W.2d 788 (1978).

■ It is also the rule in this State that equitable estoppel embraces not only ideas conveyed by words written or spoken and things actually done but includes the silence of one under a duty to speak and his omission to act, as well; negligent silence may work an equitable estoppel, and acts or conduct which are calculated to mislead and do in fact mislead will work an estoppel notwithstanding there was no intention to do so. *Church of Christ v. McDonald,* 180 Tenn. 86, 171 S.W.2d 817 (1943). *See, also, Huffine v. Riadon,* Tenn., 541 S.W.2d 414 (1976).

■ Although no decision of this Court on facts substantially equivalent to those in the case at bar has been cited, we find persuasive authority in the case of *Williams v. International Lubricant Corp.,* La.App., 341 So.2d 17, *cert. denied,* La., 342 So.2d 872 (1977). It was there held that where an injured employee could reasonably believe that group insurance wage continuance payments were actually worker's compensation payments, the employer was barred from pleading that the statute of limitations had run on an action for worker's compensation benefits. It is our conclusion that a like result should be reached in this case; we conclude that the evidence supports the finding and conclusion of the trial judge that defendant is estopped to deny that the statute of limitations was tolled so long as defendant's insurer, the Provident Life & Accident Insurance Co., made the payments for "lost time pay" or "disability (loss of time)." The facts and circumstances shown in the evidence are such that, if the defendant employer desired to insist that the payments thus made were not worker's compensation benefits, good con-

science required that it speak out at the time and make that fact known to the plaintiff in no uncertain terms. The plaintiff employee acted reasonably in relying upon the representation implied by the making of such payments that they constituted payments of benefits due him under the Worker's Compensation Act for the accident which he had sustained.

Since this action was filed on June 12, 1979, within one year of June 13, 1978, the date of the last Provident check payable to the plaintiff in the amount of $125.00, this action was timely filed, as held by the trial judge.

The decree of the trial judge is in all things affirmed and costs are taxed against the appellant and surety.

FONES, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.