## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

**October 16, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

LIFETIME BOOKS, INC.,              )
Successor in Interest to           )
FELL PUBLISHERS, INC.,             )
                                   )
        Plaintiff/Appellant,       )
                                   )   Appeal No.
                                   )   01-A-01-9708-CV-00399
VS.                                )
                                   )   Davidson Circuit
                                   )   No. 94C-4151
THOMAS NELSON PUBLISHERS,          )
INC.,                              )
                                   )
        Defendant/Appellee.        )


### APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
### AT NASHVILLE, TENNESSEE

### THE HONORABLE HAMILTON GAYDEN, JUDGE


NORMAN GILLIS
NORMAN GILLIS & ASSOCIATES
713 18th Avenue South
Nashville, Tennessee 37203
        Attorney for Plaintiff/Appellant

JAY S. BOWEN
TIMOTHY L. WARNOCK
SARAH W. ANDERSON
GREGORY S. REYNOLDS
OWEN RILEY WARNOCK & JACOBSON, PLC
1906 West End Avenue
Nashville, Tennessee 37203
        Attorneys for Defendant/Appellee


### AFFIRMED AND REMANDED


BEN H. CANTRELL, JUDGE

CONCUR:
KOCH, J.
CAIN, J.

## O P I N I O N

This appeal involves an interpretation of a "first refusal" provision in a publishing contract. The Circuit Court of Davidson County dismissed an action claiming that the publisher breached the provision. We affirm.

## I.

In 1991, Thomas Nelson Publishers, Inc. agreed to publish a three volume book set entitled The Og Mandino Gift Set. The agreement to publish was actually between Thomas Nelson and Fell Publishers, Inc., which had a separate publishing contract with Mandino. The agreement referred to Fell as the "Author" and contained the following provision with respect to Remainders or Overstock:

> The Publisher may dispose of books or sheets which, in its discretion, it deems to be overstock or remainders in any manner it may see fit and will have no obligation to pay royalties on copies so disposed of at or below Publisher's production costs. Prior to disposal, Author shall be granted the right of first refusal to purchase such overstock or remainder upon those terms and provisions offered to Publisher by any third party which right Author shall exercise or waive within ten (10) days receipt of Publisher's written notification of the proposed disposition date, or within twenty (20) days of the date of mailing thereof, whichever shall occur first. In the event Author fails to reply to Publisher's offer within such time, Author's right of first refusal shall be deemed waived. On all overstock and remainder copies of the Work sold in excess of Publisher's cost of production, Author shall receive a royalty equal to ten percent (10%) of the excess amount.

On March 6, 1992, Thomas Nelson wrote to Fell advising Fell that the Mandino Gift Set would soon be out of print. The letter also contained the following two paragraphs:

> At the present time we have approximately 5,500 copies in inventory which we would like to offer the author for $2.00 per set plus the cost of shipping the books.

> Please let me know by 17 April 1992 if there is any interest in obtaining any of the remaining inventory.

On March 12, 1992, Mr. Lessne of Lifetime Books (the successor to Fell Publishers) faxed a reply to the letter offering $1.50 for all the remaining books. Early in April Thomas Nelson contacted Mr. Mandino and offered him the books at $2.00 per set. He ultimately accepted the offer, and about two days later Mr. Lessne changed his mind and tried to exercise his company's right to take the books. (However, the only evidence of Lifetime's attempt to exercise its right of first refusal is an August 5, 1992 re-fax of its $1.50 offer.) When Thomas Nelson refused to comply with Mr. Lessne's request, this action followed.

## II.

Lifetime insists that a literal reading of the publishing contract required Thomas Nelson to find a buyer first and then to allow Lifetime to accept or reject the books at the same price. Since the letter of March 6, 1992 did not specifically say that Thomas Nelson had a buyer and that Lifetime had ten days to match it, Lifetime argues that the letter was of no effect whatever.

While we agree that the March 6, 1992 letter did not strictly fit the language of the publishing contract, we cannot agree that after receiving the letter Lifetime could make a counter-offer and then wait for a second chance to purchase the books for $2.00 per set. The uncontradicted proof in the record shows that the March 6 letter was Thomas Nelson's good faith attempt to comply with the contract. If nothing else, the letter put Lifetime on notice that Thomas Nelson was going to sell the books after the deadline set out in the letter. If Lifetime thought that they could reject the offer and wait for another opening, they had a duty to put Thomas Nelson on notice of that fact. Instead, they allowed Thomas Nelson to carry out their announced plan. We are satisfied that under these circumstances they are estopped to rely on the literal words of the contract.

Estoppel is based on an equitable principle that prohibits a party from complaining when his own acts have induced another party to act to his detriment. If the party's action or inaction induces another party to change his position "for the worse," the first party causing the change of position will lose the rights of property or contract that he might otherwise have enjoyed. *Church of Christ v. McDonald*, 171 S.W.2d 817 (Tenn. 1943). An estoppel may arise out of the silence of one under a duty to speak. *Lusk v. Consolidated Aluminum Corp.*, 655 S.W.2d 917, 920 (Tenn. 1983).

After inducing Thomas Nelson's belief that they had no interest in purchasing the remaining inventory at $2.00 per volume, with the certain knowledge that Thomas Nelson intended to sell at that price, Lifetime cannot complain when Thomas Nelson obligated itself to another buyer.

The judgment of the court below is affirmed and the cause is remanded to the Circuit Court of Davidson County. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE

_____
WILLIAM B. CAIN, JUDGE