# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### MARCH 18, 2004 Session

## GARY BAKER v. ROANE STATE COMMUNITY COLLEGE, ET AL.

### Direct Appeal from the Chancery Court for Davidson County
### No. 02-2118-I    Irvin Kilcrease, Jr., Chancellor

---

### No. M2003-01163-COA-R3-CV - Filed June 10, 2004

---

This case involves the timeliness of a grievance filed by Appellant, an employee of Roane State Community College. The hearing officer determined that such grievance was not filed within the limitations period. Appellant appealed this decision to the Chancery Court of Davidson County, which affirmed the decision of the hearing officer. Appellant now appeals to this Court and we affirm.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Larry D. Woods, Nashville, TN, for Appellant

Paul G. Summers, Attorney General & Reporter, Eugene B. Whitesell, Senior Counsel, Nashville, TN, for Appellees

### OPINION

### Facts and Procedural History

Gary Baker ("Appellant") was employed by Roane State Community College ("Roane State") as a lead utility worker, a position classified as skill level 2 with an annual salary of $17,789.28. On August 4, 2000, Appellant met with Raink Hembree ("Hembree"), Roane State's maintenance supervisor, and Loretta Friend ("Friend"), Roane State's dean of satellite campuses. At that meeting, Friend and Hembree informed Appellant that he was going to be reclassified and demoted to utility worker, a position classified as skill level 1 with an annual salary of $17,255.60. Though Appellant asserts that Friend stated at this meeting that such reclassification might result in a salary increase, Friend denied making such statement and testified that she stated a pay cut was a possibility. At the end of the meeting, Appellant was also given a copy of a letter signed by Hembree stating

Appellant's new work shift, the reasons for the reclassification, and that the paperwork to effectuate such reclassification had begun.

On August 8, 2000, Friend instructed Kathy Gethers ("Gethers"), Roane State's dean of human resources, to effectuate Appellant's reclassification at the first available date. On October 31, 2000, Appellant received his paycheck for the month of October, which reflected a decrease in salary from previous months. After Appellant contacted Gethers' office to inquire about the decrease in pay, Gethers responded on November 17, 2000, informing Appellant that the pay cut resulted from the reclassification. Subsequently, in a letter dated November 26, 2000, and received November 29, 2000, Appellant submitted a grievance form requesting a hearing on the matter of Appellant's reclassification and pay cut.

A hearing was held on June 4, 2002, where the hearing officer, Christopher Whaley, a professor at Roane State, heard evidence on Roane State's motion to dismiss for Appellant's failure to timely file his grievance. The hearing officer dismissed Appellant's grievance on this basis.[1] Appellant then filed a petition for review with the Chancery Court of Davidson County. In its order, the chancery court dismissed Appellant's grievance. Appellant now appeals to this Court and presents the following issues, as we perceive them, for our review:

I. Whether Roane State's lack of adequate notice prevented the statute of limitations from running until November 17, 2000;
II. Whether Appellant's grievance is timely under either the discovery rule or equitable estoppel; and
III. Whether the hearing officer was biased such that a new hearing should be ordered.

For the following reasons, we affirm.

## Standard of Review

Our review is confined to the record made before the administrative agency. *Humana of Tenn. v. Tenn. Health Care Facilities Comm'n*, 551 S.W.2d 664, 667 (Tenn. 1977). The scope of this Court's review, which is identical to that of the Chancery Court below, is set forth in Tenn. Code Ann. § 4-5-322(h) (2003):

The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
(1) In violation of constitutional or statutory provisions;

---

[1] Appellant filed a petition for reconsideration. The hearing officer amended the final order of dismissal to add a paragraph regarding procedures for appeal and a paragraph concerning reservation of the issue of who must carry the burden of proof; ultimately, this did not alter the decision of the hearing officer.

> (2) In excess of the statutory authority of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>
> (5) Unsupported by evidence which is both substantial and material in the light of the entire record.
>
> In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight or the evidence on questions of fact.

Tenn. Code Ann. § 4-5-322(h) (2003); *see also Miller v. State of Tenn. Dep't of Human Servs.*, No. W2000-01088-COA-R3-CV, 2001 Tenn. App. LEXIS 155, at *7 (Tenn. Ct. App. Mar. 5, 2001) (citing *De Priest v. Puett*, 669 S.W.2d 669 (Tenn. Ct. App. 1984)). "Substantial and material" evidence has been defined by Tennessee courts as "something less than a preponderance of the evidence, but more than a scintilla or glimmer." *Miller*, 2001 Tenn. App. LEXIS 155, at *7-8 (citing *Wayne County v. Tenn. Solid Waste Disposal Control Bd.*, 756 S.W.2d 274, 280 (Tenn. Ct. App. 1988)).

### Notice and Due Process

Appellant first argues that the notice given to him regarding his demotion and pay cut was inadequate, and, therefore, the trial court erred when it found that the statute of limitations began to run on October 31, 2000. Rather, Appellant contends that the period of limitation should have begun on November 17, 2000, when Gethers explained to Appellant that Roane State had demoted him and lowered his salary. We disagree.

The grievance procedure is set out in Tenn. Code Ann. § 49-8-117 (2002), which provides the period of limitation for support staff of state universities and community colleges to file a grievance: "[a] grievance must be filed at the appropriate step in the grievance procedure within fifteen (15) working days after the employee receives notice or becomes aware of the action which is the basis for the grievance." Tenn. Code Ann. § 49-8-117(b)(1) (2002). Further, that section of the Code states: "[a]ny complaint about demotion, suspension without pay, or termination for cause shall receive a hearing covered under provisions of the Tennessee Uniform Administrative Procedures Act, compiled in title 4, chapter 5, part 3." Tenn. Code Ann. § 49-8-117(b)(3) (2002).

In this case, on August 4, 2000, Hembree and Friend informed Appellant that he was going to be demoted. In addition, Hembree gave Appellant a letter detailing the reasons for Appellant's demotion. Shortly thereafter, Appellant began a different work shift. However, the evidence conflicts with regard to whether Friend, Hembree, or any other employee of Roane State, informed Appellant that his salary would be reduced as a result of the demotion. Therefore, in terms of notifying Appellant of the pay cut, the notice on August 4, 2000, was inadequate. However, the

statute says that the fifteen day period of limitation begins to run when notice is given *or* when the employee becomes aware of the action that is the basis for the grievance. In this case, Appellant became aware of his basis for a grievance, i.e. the paycut, when he received his paycheck on October 31, 2000, for a lesser salary that month. Therefore, we agree with the hearing officer that the period of limitation began to run on October 31, 2000, and that such a reduction in pay, coupled with the meeting of August 4 informing Appellant of his impending demotion, was adequate to make Appellant aware of Roane State's action that is the basis for his grievance. Because Appellant's grievance was received on November 29, 2000, it failed to meet the fifteen work day period of limitation and was untimely.

### Discovery Rule and Equitable Estoppel

Appellant next argues that, even if the period of limitation began on October 31, 2000, when he received his paycheck with the lower salary, either the discovery rule or the doctrine of equitable estoppel tolled the running of the statute of limitations. As the Tennessee Supreme Court has noted:

> [The discovery] rule provides that a cause of action accrues and the statute of limitations begins to run "when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant."

*Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 143 (Tenn. 2001) (quoting *Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998)). Further, the discovery rule may apply where a defendant has intentionally prevented the plaintiff from discovering the injury. *Id.* at 145. In such instances of "fraudulent concealment," the statute of limitations will not begin to run until the plaintiff, exercising reasonable diligence, discovers the fraud that the defendant concealed wrongfully. *Id.* (citing *Vance v. Schulder*, 547 S.W.2d 927, 930 (Tenn. 1997)). Though the discovery rule may involve allegations that defendant has misled the plaintiff, this is not always the case. *Id.* at 146.

The doctrine of equitable estoppel "tolls the running of the statute of limitations where the defendant has 'misled the plaintiff into failing to file [his] action within the statutory period of limitations.'" *Id.* at 145 (quoting *Norton v. Everhart*, 895 S.W.2d 317, 321 (Tenn. 1995)) (citing *Lusk v. Consol. Aluminum Corp.*, 655 S.W.2d 917, 920 (Tenn. 1983)). "Where equitable estoppel has been raised, therefore, a court must determine whether the defendant engaged in conduct specifically designed to prevent the plaintiff from suing in time." *Id.* Unlike the discovery rule, equitable estoppel always requires proof that defendant has misled the plaintiff. *Id.* at 146. In addition, whereas the discovery rule prevents the running of the statute of limitations altogether, the tolling period for equitable estoppel "equals the amount of time the defendant misled the plaintiff." *Id.* at 146 (citing *Lusk*, 655 S.W.2d at 920-21).

In this case, Appellant should have known by October 31, 2000, that he had sustained an injury in the form of a pay cut. Appellant met with Friend and Hembree who informed Appellant of his demotion on August 4, 2000. Additionally, Appellant noticed his salary had been reduced on his paycheck dated October 31, 2000. Therefore, the discovery rule would not toll the statute of limitations past October 31, 2000, which is the date the trial court determined that the statute of limitations, stated in Tenn. Code Ann. § 49-8-117(b)(1), began to run. For these reasons, the discovery rule does not assist Appellant by tolling the statute of limitations beyond October 31, 2000.

In addition, there is no evidence in the record that Roane State engaged in conduct specifically designed to prevent Appellant from filing his grievance within the fifteen work day period of limitation. Friend and Hembree notified Appellant that he was going to be demoted. Appellant also observed a pay cut on his October 31, 2000, paycheck. Nothing in the record suggests any misleading conduct on the part of Roane State or its agents, and, therefore, this case is not appropriate for the application of the doctrine of equitable estoppel. For these reasons, we must affirm the decision of the hearing officer finding that Appellant's grievance should be dismissed as untimely and that neither the discovery rule nor equitable estoppel tolls the limitation period.

### Bias of the Hearing Officer

Finally, Appellant argues that this Court should order a new hearing because the hearing officer, who is a professor at Roane State, was biased. Specifically, Appellant argues that the hearing officer had a direct, personal, pecuniary interest in the outcome of the proceedings because the hearing officer served under the president of the college, who approved Appellant's demotion. This Court has previously addressed the question of bias in administrative proceedings:

> Parties to administrative proceedings, like parties to judicial proceedings, are entitled to a neutral decision-maker. *Cooper v. Williamson County Bd. of Educ.*, 803 S.W.2d 200, 202 (Tenn. 1990); *Ogrodowczyk v. Tennessee Bd. for Licensing Health Care Facilities*, 886 S.W.2d 246, 252-53 (Tenn. Ct. App. 1994) (Cantrell, J., concurring). Accordingly, members of administrative agencies are subject to the same disqualification standards that apply to judges when they are performing adjudicatory functions. *Tennessee Cable Television Ass'n v. Tennessee Pub. Serv. Comm'n*, 884 S.W.2d 151, 164-65 (Tenn. Ct. App. 1992); Tenn. Code Ann. § 4-5-302(a) (1991).
>
> Judges cannot have a personal financial stake in the proceedings before them. Tenn. S. Ct. R. 10, Canon 3(C)(1)(c). Accordingly, judicial officers must disqualify themselves if their decision affects their personal compensation. *Connally v. Georgia*, 429 U.S. 245, 250, 97 S. Ct. 546, 548, 50 L. Ed. 2d 444 (1977); *In re Dender*, 571 S.W.2d 491, 492 (Tenn. 1978). This principle applies to administrative decision-makers. *Gibson v. Berryhill*, 411 U.S. 564, 579, 93 S. Ct. 1689, 1698, 36 L. Ed. 2d 488 (1973); *Ogrodowczyk v. Tennessee Bd. for Licensing Health Care Facilities*, 886 S.W.2d at 253.
>
> . . . .

> Administrative decision-makers are presumed to carry out their duties with honesty and integrity. *Cooper v. Williamson County Bd. of Educ.*, 803 S.W.2d at 203; *Tennessee Cable Television Ass'n v. Tennessee Pub. Serv. Comm'n*, 844 S.W.2d at 165. Thus, the party claiming bias bears the burden of proving the grounds for disqualification. *Gay v. City of Somerville*, 878 S.W.2d 124, 127 (Tenn. Ct. App. 1994).

*Jones v. Greene*, 946 S.W.2d 817, 825 (Tenn. Ct. App. 1996). In this case, there is no evidence in the record to indicate that the hearing officer had a direct, personal, pecuniary interest in the outcome of Appellant's hearing on his demotion. Further, there is no evidence that the hearing officer's decisions affect his personal compensation. *See id.* Therefore, Appellant has failed to support his claim of bias with facts or legal authority.

## Conclusion

For the foregoing reasons, we affirm the dismissal of Appellant's grievance. Costs of this appeal are taxed to Appellant, Gary K. Baker, and his surety for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE