

FILED
Jul 12, 2024
01:46 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Joseph Carpenter ) | Docket No. 2023-02-5697 |
| ) | |
| v. ) | State File No. 14762-2017 |
| ) | |
| American Water Heater Company, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Brian K. Addington, Judge ) | |

---

### Reversed and Remanded

---

The employee appeals the trial court's order granting summary judgment in favor of the employer and dismissing the case. The employee was injured in 2017 when he was struck by a forklift. The employer accepted the claim as compensable and provided certain benefits. After the employee was placed at maximum medical improvement, the employer's insurer sent the employee a settlement offer in July 2019. The employee signed and returned the settlement offer in July 2020 but heard nothing further about a possible settlement of the claim. The insurer last issued a benefit payment on the claim in November 2020. In August 2023, the employee filed a petition for benefits, and the employer filed a motion for summary judgment in which it asserted the statute of limitations had expired. The trial court agreed and granted summary judgment, and the employee appealed. Upon careful consideration of the record, we reverse the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Joseph Carpenter, Elizabethton, Tennessee, employee-appellant, pro se

LeeAnne Murray and Taylor Pruitt, Brentwood, Tennessee, for the employer-appellee, American Water Heater Company

### Factual and Procedural Background

Joseph Carpenter ("Employee") worked for American Water Heater Company ("Employer") as a production manager. On February 10, 2017, while working within the

1

course and scope of his employment, Employee was struck on his left side by a forklift, which caused him to fall onto a concrete floor. As a result, he alleged injuries to his right shoulder, hips, left index finger, and lower back. Employee received authorized care with several providers, including Dr. Timothy Jenkins, an orthopedic surgeon. Dr. Jenkins eventually operated on Employee's right shoulder in October 2018 for a rotator cuff injury, then provided follow-up care. Thereafter, Employee completed a course of physical therapy and continued taking medications as prescribed by Dr. Jenkins. On November 6, 2019, Dr. Jenkins placed Employee at maximum medical improvement and released him from active care for his shoulder injury.[1]

Meanwhile, on July 23, 2019, Employer's insurer sent Employee a letter describing Dr. Jenkins's opinions and proposing an "indemnity settlement."[2] The letter contained lines on the bottom for Employee to sign the offer and note the date he signed the letter, his home address, and his telephone number. As stated by Employee in his affidavit, however, nothing in the letter put a time limit on his response. Instead, the letter stated, "If you wish to simply proceed with the agreement as it is outlined, please sign and return a copy of this letter to my attention."

In an affidavit filed in response to Employer's motion for summary judgment, Employee asserted an employer representative told Employee that if he signed and returned the settlement offer, he would "get paid" in a few weeks. At that point, however, Employee was more concerned about his medical treatment and did not immediately sign and return the settlement offer. On July 17, 2020, Employee signed the offer and mailed it to the insurer. He then emailed the adjuster to whom he had sent the signed form and advised her she should be receiving the form in the mail. In August 2020, he again emailed the adjuster regarding the status of the settlement but received no response. He also requested an additional medical evaluation. Although a follow-up medical appointment was made, he did not receive a response from the adjuster regarding the proposed settlement. His last appointment with Dr. Jenkins was in October 2020. Thereafter, according to Employee's affidavit, he was reluctant to seek additional medical treatment in 2021 and 2022 due to social restrictions related to COVID-19 and his wife's medical condition.

---

[1] Employee asserted that Dr. Jenkins informed him during his first appointment that the symptoms and complaints regarding his hips and low back were not related to the work accident. Dr. Jenkins did not provide treatment for those conditions.

[2] The adjuster's letter indicated Dr. Jenkins had placed Employee at maximum medical improvement for his shoulder condition on June 19, 2019, and had assigned an impairment rating. The letter further stated that "a prospective settlement of the indemnity portion of your claim is available to you." However, the record on appeal does not contain a report from Dr. Jenkins placing Employee at maximum medical improvement in June 2019. The only report from Dr. Jenkins in the record on appeal discussing maximum medical improvement is dated November 6, 2019.

In July 2023, according to Employee's affidavit, he contacted a representative of Employer to request a follow-up medical appointment regarding his shoulder. Employer's representative asked Employee whether he had settled his claim with the insurer. He advised Employer's representative that he had signed and returned the settlement offer but never heard anything back. Subsequently, Employee was informed by the insurer that no additional benefits would be paid on the claim. Employee then filed his petition for benefit determination ("PBD") in August 2023.

Following unsuccessful mediation, the mediator sent the parties a draft of a dispute certification notice ("DCN"). Counsel for Employer then contacted the mediator to request revisions to the DCN and informed the mediator that "[t]he last voluntary payment to a medical provider on the claim occurred on November 3, 2020." Thereafter, Employer filed a motion for summary judgment in which it argued the statute of limitations had expired. In its statement of undisputed facts, Employer asserted that "[n]o voluntary payment was made by the Employer during the year prior to August 18, 2023," which was the date the PBD was filed. In his written response to Employer's statement of undisputed facts, Employee disputed this allegation, referencing his affidavit and attaching a copy of the July 2019 settlement offer signed and returned in July 2020.

Following a hearing, the trial court granted Employer's motion, determining that "the undisputed facts show [Employee] neither received authorized treatment, nor did [Employer] make payments for medical care or other compensation within a year before . . . the date he filed his petition." It therefore dismissed Employee's claim with prejudice. Employee has appealed.

## Standard of Review

The interpretation and application of statutes and regulations are questions of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). The grant or denial of a motion for summary judgment is also a question of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2020).

## Analysis

Tennessee Code Annotated section 50-6-203(b)(2) addresses an employee's statute of limitations in "[i]nstances when the employer has voluntarily paid workers'

compensation benefits." In such cases, "the right to compensation under this chapter shall be forever barred, unless a petition for benefit determination is filed with the bureau . . . within one (1) year after the latter of the date of the last authorized treatment or the time the employer ceased to make payments of compensation to or on behalf of the employee." Tenn. Code Ann. § 50-6-203(b)(2). In addition, "the issuing date of the last payment of compensation by the employer, not the date of its receipt, shall constitute the time the employer ceased to make payments of compensation." Tenn. Code Ann. § 50-6-203(c). Thus, in the present case, the evidence supports a finding that Employer's last voluntary payment of benefits was issued November 3, 2020, which would trigger the running of the one-year statute of limitations and require the filing of a PBD on or before November 3, 2021.

That does not, however, end the inquiry. With respect to motions for summary judgment, we are required to take the statements in Employee's affidavit and his response to the dispositive motion in the light most favorable to him. Moreover, at the summary judgment stage, we are to "draw all legitimate conclusions of fact" favorably to the non-moving party. Thus, for purposes of assessing Employer's dispositive motion, we must presume as accurate the following statements: (1) Employee received a settlement offer in July 2019 that included no time limit for a response; (2) Employee signed and returned the settlement offer to insurer in July 2020; (3) Employee continued to treat for his work injury until October 2020; (4) Employer last voluntarily issued a payment in November 2020; (5) despite several inquiries, the insurer never responded to Employee regarding the signed settlement offer; and (6) neither Employer nor the insurer advised Employee that it had rescinded the settlement offer or that it intended to invoke the statute of limitations after having received the signed settlement offer from Employee.

A well-settled principle of law in Tennessee is that a party may be estopped under certain circumstances from asserting the expiration of the statute of limitations. *See, e.g.*, *Lusk v. Consolidated Aluminum*, 655 S.W.2d 917, 920 (Tenn. 1983) ("It is, of course, well settled that the employer or its insurer may be estopped to rely upon the one-year statute of limitations."). In *Ingram v. Elledge*, No. 01-A-01-9101-CV-00009, 1991 Tenn. App. LEXIS 373 (Tenn. Ct. App. May 22, 1991), the Tennessee Court of Appeals explained as follows:

> The doctrine of estoppel may be applied where[,] by promises or appearances, one party is induced to believe that the other party intends to pay a claim or otherwise satisfy the claims of the first party, and in reliance upon that representation, the first party delays filing suit within the applicable statute of limitations.

*Id.* at *5 (citing *Sparks v. Metropolitan Government of Nashville*, 771 S.W.2d 430, 433 (Tenn. Ct. App. 1989)).

4

In *Carter v. Morristown-Hamblen Hosp. Ass'n*, No. 03S01-9806-CV-00055, 1999 Tenn. LEXIS 322 (Tenn. Workers' Comp. Panel June 21, 1999), the appeal was presented to the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel in precisely the same procedural posture as the present case. The employee in *Carter* had sustained a work-related injury in June 1992. *Id.* at *1. The employer accepted the claim as compensable and paid certain benefits, the last of which was issued on July 8, 1996. *Id.* at *2. The employee's complaint was not filed until September 16, 1997, more than one year after the issuance of the last voluntary payment. *Id.* The employer filed a motion for summary judgment based on the expiration of the statute of limitations, which the trial court granted. *Id.* at *1.

In response to the employer's motion for summary judgment in *Carter*, the employee filed an affidavit in which she asserted she had received a letter from the insurance adjuster dated April 1, 1996 that included a settlement offer. *Id.* at *3. The letter also stated the insurer "looked forward to hearing from her" regarding the proposed settlement. *Id.* Both of these facts are strikingly similar to the present case.

On appeal, the Panel in *Carter* first noted that "[n]o presumption of correctness attaches to decisions granting summary judgment because they involve only questions of law; on appeal[,] the reviewing court must make a fresh determination concerning whether the requirements of Rule 56 have been met." *Id.* at *4. The Panel then noted that "[i]n workers' compensation cases summary judgment should be entered cautiously as questions involving the commencement of the statute of limitations most often are factual in nature." *Id.* at *4-5. The court further explained as follows:

> While the general rule provides that suit for workers' compensation benefits must be filed within one year from the date of the accident or within one year from the [last] voluntary payment of compensation . . ., factual circumstances may exist which results [sic] in the employer or insurance carrier being estopped to rely upon the statute or having waived the defense of the statute.

*Id.* at *5. The Panel then reviewed the Supreme Court's decision in *Humphreys v. Allstate Insurance Co.*, 627 S.W.2d 933 (Tenn. 1982), in which the Court concluded that on-going settlement negotiations could toll the statute of limitations in a workers' compensation case. The Panel summarized the holding in *Humphreys* by noting that "the Supreme Court held the insurance company was estopped to rely on the statute as it was aware they were dealing with an uneducated, inexperienced lay person who would not have expected the company to place a time limit upon settlement negotiations." *Id.* at *6.

Finally, the Appeals Panel in *Carter* noted that they were "required to view all affidavits in the light most favorable to the opponent of the motion and draw all legitimate conclusions of fact therefrom in that favor." *Id.* (citing *Keene v. Cracker*

5

*Barrel Old Country Store, Inc.*, 853 S.W.2d 501 (Tenn. Ct. App. 1992)).  The Panel concluded, "the statute of limitations had been tolled by actions of the insurance company for a period of almost four years when communications between the parties ceased."  *Id.* at *6-7.  The court then stated, "if the [insurer] desired to start the running of the statute, it could have advised the claimant in clear language of its intention to invoke the statute during the course of correspondence to the claimant."  *Id.* at *7.[3]  *Cf. Baker v. Total Air Grp., LLC*, No. W2016-00965-SC-R3-WC, 2017 Tenn. LEXIS 465 (Tenn. Workers' Comp. Panel Aug. 7, 2017) (employer was equitably estopped from invoking the statute of limitations in circumstances where the employer "improperly handled" the claim); *Lusk*, 655 S.W.2d at 920 ("[E]quitable estoppel embraces not only ideas conveyed by words written or spoken and things actually done but includes the silence of one under a duty to speak and his omission to act.").  As such, we conclude there are genuine issues of material fact regarding whether the actions of Employer and/or its insurer tolled Employee's statute of limitations.  Thus, we conclude summary judgment was improvidently granted.[4]

**Conclusion**

For the foregoing reasons, we reverse the trial court's order granting summary judgment and dismissing the claim, and we remand the case.  Costs on appeal are taxed to Employer.

---

[3] In *Carter*, the employer filed a motion for full court review after the Appeals Panel issued its decision. The Supreme Court denied the motion and adopted the opinion of the Appeals Panel as its own. *Carter v. Morristown-Hamblen Hosp. Ass'n*, No. 03S01-9806-CV-00055, 1999 Tenn. LEXIS 319 (Tenn. June 21, 1999).

[4] Although *Carter* and *Humphreys* are both pre-reform cases, as we have noted previously, "reliance on precedent from the Tennessee Supreme Court is appropriate unless it is evident the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed through general statutory amendments."  *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13, n.4 (Tenn. Workers' Comp. App. Bd. March 27, 2015).  In the context of the present case, we are aware of no legislative or judicial action since the passage of the 2013 Workers' Compensation Reform Act impacting the doctrine of equitable estoppel.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Joseph Carpenter | ) Docket No. 2023-02-5697 |
| | ) |
| v. | ) State File No. 14762-2017 |
| | ) |
| American Water Heater Company, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Brian K. Addington, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 12th day of July, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Joseph Carpenter | | | | X | carp135@outlook.com |
| LeeAnne Murray Taylor Pruitt | | | | X | leeamurray@feeneymurray.com trp@feeneymurray.com florence@feeneymurray.com |
| Brian K. Addington, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*Q. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov