

**FILED**
**Jan 22, 2026**
**11:15 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Jose Cisneros | Docket No. 2025-80-2327 |
| v. | State File No. 860110-2025 |
| Brandenburg Industrial Service Co., et al. | |
| Appeal from the Court of Workers' Compensation Claims Allen Phillips, Judge | |

---

**Reversed and Remanded**

---

In this appeal, the employer asserts that the trial court erred in denying its motion for summary judgment based on its assertion that the employee failed to file a petition seeking workers' compensation benefits in a timely manner. Following a hearing, the court found that the employer had negated an essential element of the employee's claim but also concluded the employee had presented sufficient evidence regarding the insurer's handling of his claims to establish disputed issues of material fact that preclude summary judgment. The court found that, if it credited the employee's recitation of events, it could find that the employer's or its insurer's delays estopped them from relying on its statute of limitations defense. The employer has appealed. Having carefully reviewed the record, we reverse the trial court's decision and remand the case for the court to enter an order consistent with this opinion.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Travis J. Ledgerwood, Mt. Juliet, Tennessee, for the employer-appellant, Brandenburg Industrial Service Co.

Jose Cisneros, employee-appellee, pro se

## Factual and Procedural Background

Jose Cisneros ("Employee") alleges he sustained injuries on June 27, 2023, October 12, 2023, and February 28, 2024, while in the course and scope of employment for

Brandenburg Industrial Service Co. ("Employer"). On April 11, 2025, Employee filed a petition for benefit determination ("PBD") that listed all three dates of injury. Employer did not, at any time, pay benefits related to any of the three claims.[1] In August 2025, Employer filed a motion for summary judgment, accompanied by a memorandum of law and a statement of undisputed facts. In its motion and memorandum of law, Employer asserted that Employee's claims were all barred by the applicable one-year statute of limitations and that an employee's assertion that he or she provided timely notice of the claims does not affect the running of the statute of limitations. In support of its motion, Employer filed Employee's responses to requests for admission, in which Employee responded "I admit" to each request. Specifically, those requests identified the alleged dates of injury, the date Employee filed his PBD, and a confirmation that Employer's insurance carrier had not provided any workers' compensation benefits related to any of the claims.

On October 6, 2025, Employee filed a response to Employer's statement of undisputed facts. With respect to the alleged injury dates identified as June 27, 2023, October 12, 2023, and February 28, 2024, Employee disagreed that one or more of these were correct. He also asserted that the adjuster's handling of the claims was deficient, although he did not explain how that could affect the various dates on which he alleged he was injured. In addition, Employee asserted that the adjuster contacted him in April 2024 to discuss details of all three alleged injuries and that she followed up in an email the same day providing her name and noting that she was with "workers' compensation." Employee later testified he understood this to mean that the caller was "affiliated" with the Bureau of Workers' Compensation. He further asserted there were multiple errors contained in the first report of injury that the adjuster filed on May 3, 2024, including listing the date of injury as July 27, 2023. He then argued that, despite his timely cooperation, the adjuster continued to delay the process, "ultimately causing the statutory time limit for my claim to expire." Although he admitted he had received a notice of denial from Employer's insurer dated August 30, 2024, he argued that the notice itself was for a date of injury of *July* 27, 2023, and thus he was unaware that injuries he claimed in June 2023, October 2023, and February 2024 were denied based on that notice.

Following the hearing, the trial court issued an order denying Employer's motion for summary judgment. The court concluded that Employer had negated an essential element of Employee's claim, *i.e.*, the timely filing of a PBD pursuant to Tennessee Code Annotated section 50-6-203(b)(1). Thus, the burden shifted to Employee to demonstrate the existence of one or more genuine issues of material fact that could lead the court to find in his favor. The court concluded that Employee had met this burden, observing he had "offer[ed] evidence" that could support a finding, based on the adjuster's alleged delayed

[1] Employee had previously attempted to file all three claims with the Texas Division of Workers' Compensation in August 2024, as that is his state of residence. Employee testified that he filed his PBD in Tennessee because the Texas Division advised him that his "best option" was to contact the Tennessee Bureau of Workers' Compensation.

and/or deficient handling of the claim, that Employer is estopped from relying on the statute of limitations defense. Specifically, the court was troubled that Employer did not file a notice of denial until August 2024, despite knowing of Employee's alleged June 2023 injury in April 2024. The court noted that, pursuant to the claims handling standards contained in Tenn. Comp. R. and Regs. 0800-02-14-.04(6), decisions on compensability "shall be made . . . within fifteen (15) calendar days of the verbal or written notice of injury." The court reasoned that, because Employer delayed making made this decision until four months after receiving notice of the injury, Employee was unaware Employer had denied the first injury until after the statute of limitations had expired and still believed the other alleged injury dates were timely. The court noted that "the record is silent as to when, or if, [Employer] made a compensability decision regarding those injuries." Thus, the trial court reasoned that Employee was unaware his claims had been denied, which could support a finding that Employer was equitably estopped from asserting the expiration of the statute of limitations.

**Standard of Review**

The grant or denial of a motion for summary judgment is a matter of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* Moreover, a trial court has broad discretion to control the pace of litigation and set hearings to address pre-trial motions. *Valladares v. Transco Products, Inc.*, Nos. 2015-01-0117 & -0118, 2016 TN Wrk. Comp. App. Bd. LEXIS 31, at *26 (Tenn. Workers' Comp. App. Bd. July 27, 2016) ("a trial court has the necessary discretion to control the pace of litigation through the use of case supervision and docket management"); *see also Smith v. Smith*, No. E2017-01295-COA-R3-CV, 2019 Tenn. App. LEXIS 59, at *20 (Tenn. Ct. App. Jan. 31, 2019) ("trial courts have broad discretion to control their dockets").

**Analysis**

In its notice of appeal, Employer argues that the trial court erred in denying its motion for summary judgment based on the expiration of the statute of limitations, emphasizing what it views as the court's misplaced reliance "on the doctrine of equitable estoppel to deny the motion." Employer asserts that none of the three claims were accepted, no disability or medical benefits were ever paid, and there are no expert opinions providing a date of maximum medical improvement ("MMI") or an impairment rating. Further, according to Employer, it was not required to send a settlement offer to Employee pursuant to Tennessee claims handling standards. Next, Employer argues that the failure to timely deny the compensability of a claim after an investigation "is not a genuine issue of material fact regarding the estoppel claim. There must be an allegation of affirmative misrepresentation or concealment of material fact." Employer asserts that Employee failed

to allege this type of conduct in his response to its motion and that there is no evidence in the record that any such misrepresentation occurred.

Conversely, Employee contends he "relied entirely on the claims adjuster – his only point of contact – for information regarding the status of his claim." He asserts that due to his "language barriers and lack of knowledge of Tennessee law, it was reasonable for [him] to depend on the adjuster's representations and omissions." Specifically, Employee asserts the adjuster stated on multiple occasions that the claim was "under investigation" and this created a reasonable belief that no further action was required by him. In addition, Employee argues that the adjuster failed to inform him of a "one-year filing requirement or that filing a claim in Texas did not preserve his rights in Tennessee."

When an employer files a properly-supported motion for summary judgment that negates an essential element of the employee's claim, the burden of production then shifts to the employee to demonstrate the existence of one or more genuine issues of material fact at the summary judgment stage that would support the need for a trial. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). In considering an order granting summary judgment, an appellate court must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). Further, "[a] fact is material 'if it must be decided in order to resolve the substantive claim or defense at which the motion is directed.'" *Akers v. Heritage Med. Assocs., P.C.*, No. M2017-02470-COA-R3-CV, 2019 Tenn. App. LEXIS 5, at *14 (Tenn. Ct. App. Jan. 4, 2019) (quoting *Byrd*, 847 S.W.2d at 215). "A 'genuine issue' exists if 'a reasonable [factfinder] could legitimately resolve that fact in favor of one side or the other.'" *Akers*, 2019 Tenn. App. LEXIS 5, at *15 (quoting *Byrd*, 847 S.W.2d at 215). Here, the trial court concluded that Employer's motion for summary judgment was supported by affirmative evidence that Employee filed his petition for benefit determination more than one year after any of the alleged injury dates, that no benefits had been paid to date on any of the claims, and that, therefore, Employer had negated an essential element of Employee's claim, specifically the timely filing required under section 203(b)(1). We agree.

As a result, the burden then shifted to Employee to demonstrate the existence of specific facts that could lead the court to find in his favor at an evidentiary hearing with respect to application of the doctrine of equitable estoppel. The court concluded that Employee met his burden, relying on Employee's testimony that Employer failed to timely investigate his claims and failed to file its notice of denial in a timely manner. The court noted that Employer did not deny the first claim until after the statute of limitations had expired and that Employee was unaware of any action on either of the other two claims, which could have reasonably led him to believe that they were timely. The court emphasized that the purpose of a PBD is to assist with disputed issues, reasoning that Employee was unaware of any disputed issues at the time his claims expired. Finally, relying on *Baker v. Total Air Grp. LLC*, No. W2016-00965-SC-R3-WC, 2017 Tenn.

4

LEXIS 465, at *23 (Tenn. Workers' Comp. Panel Aug. 7, 2017), the court concluded that if Employee's statements were correct, it *could* find that Employer's purported delays estopped them from relying on the statute of limitation defense.

In its brief on appeal, Employer points to the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel's decision in *Arnold v. Courtyard Mgmt. Corp.*, No. W2015-02266-SC-WCM-WC, 2016 Tenn. LEXIS 648 (Tenn. Workers' Comp. Panel Sept. 28, 2016), to illustrate the proper circumstances under which an employer may be estopped from relying on the statute of limitations as a defense. Specifically, the Supreme Court explained:

> In *Lusk v. Consolidated Aluminum Corp.*, 655 S.W.2d 917, 920 (Tenn. 1983), the Tennessee Supreme Court held that estoppel may apply in a workers' compensation claim if an employee justifiably relies upon misrepresentation or concealment of a material fact by her employer which results in failure to file suit within the one-year period of limitations. When equitable estoppel is raised, the trial court must determine whether the employer engaged in conduct specifically designed to prevent the employee from suing in a timely manner. *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 145 (Tenn. 2001). "The party invoking the doctrine of equitable estoppel bears the burden of proof." *Hardcastle v. Harris,* 170 S.W.3d 67, 85 (Tenn. Ct. App. 2004) (citations omitted). The plaintiff's reliance on the alleged misrepresentation is also a required element of estoppel. *Id.*

*Arnold*, 2016 Tenn. LEXIS 648, at *10-11. Thus, according to Employer, without any evidence of a material misrepresentation, the doctrine of equitable estoppel cannot be applied.

Employer further argues that *Baker*, which the trial court cited, is distinguishable from the present case. We agree. In *Baker,* the employee received workers' compensation benefits pursuant to Mississippi law for a compensable claim over which Tennessee had jurisdiction. *Id.* at *3. The employee then argued that his claim was improperly handled under Mississippi law and that the employer failed to send him a specific form that was required by Mississippi law to be filed at the conclusion of his claim and that governed the running of the statute of limitations. *Id.* at *15-16. No settlement offer was made, and sometime later, the employee requested additional medical treatment, which the employer authorized but for which it did not pay. *Id.* at *5-6. The employee filed his claim in Tennessee, and the employer denied his Tennessee claim as barred by the statute of limitations. The Appeals Panel concluded that the employer erroneously handled the claim under Mississippi law, given that the claim should have been handled pursuant to Tennessee law, and that the employee was sufficiently prejudiced as a result to justify the use of the doctrine of equitable estoppel. *Id.* The *Baker* court also observed, however, that equitable estoppel tolls the running of the statute of limitations where the defendant has

"misled the plaintiff into failing to file [his] action within the statutory period of limitations. . . . Where equitable estoppel has been raised, therefore, a court must determine whether the defendant engaged in conduct specifically designed to prevent the plaintiff from suing in time. *Id.* at \*15 (citing *Fahrner*, 48 S.W.3d at 145 (citations omitted)). The Appeals Panel went on to observe that "negligent silence" may also serve to estop an employer from raising the statute of limitations defense and that it was the employee's burden to "prove such conduct by the defendant, as well as reliance on the alleged conduct." *Id.* at \*14-15.

Here, the claim was not accepted as compensable, no workers' compensation benefits were paid, no determination of MMI or permanent impairment had been made, there was no requirement for Employer to send a settlement offer letter to Employee, and the claim was handled under Tennessee law. Thus, we agree with Employer that *Baker* is distinguishable. In the present case, the adjuster spoke with Employee and initiated an investigation into the claim, eventually providing a notice of denial. Employee has presented no evidence of an affirmative misrepresentation or concealment of a material fact by Employer or its insurance representative. We can find no precedent, and none has been cited to us, suggesting that an employer in a workers' compensation case has an affirmative duty to advise an employee as to when his or her statute of limitations will expire. As the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel explained:

> More than 170 years of Tennessee case law reveals a general public policy of this State as well as an age-old principle of common law—mere ignorance of the law will not serve as an excuse for a litigant's error or omission. *See, e.g.*, *Bell v. Steel*, 21 Tenn. 148 (Tenn. 1840) ("It is a well-known maxim that ignorance of law will not furnish an excuse for any person, either for a breach or omission of duty.").

*Mosby v. McDowell Ctr. for Children*, No. W2012-02715-WC-R3-WC, 2014 Tenn. LEXIS 707, at \*18 (Tenn. Workers' Comp. Panel Oct. 2, 2014). Moreover, we respectfully disagree with the trial court that the adjuster's timeliness in investigating the claim could, under any reasonable view of the evidence, constitute "negligent silence" or any other conduct "specifically designed to prevent" Employee from filing a claim. We are aware of nothing in the rules governing claims handing standards that indicates one possible remedy for a violation of Rule 0800-02-14-.04(6) (addressing an adjuster's decisions on compensability) is the tolling of a statute of limitations.

We find the current case most analogous to *Beckett v. Gaylord Ent't Co.*, No. 01S01-9610-CV-00209, 1997 Tenn. LEXIS 328 (Tenn. Workers' Comp. Panel June 24, 1997). In *Beckett*, the employee alleged he suffered a work-related injury in May 1994. *Id.* at \*1. Although he was advised by his physician in June 1994 that he had a hernia, the employee did not tell his physician he believed the hernia had occurred at work. *Id.* at \*2. The

employee was terminated for unrelated reasons in August 1994 but did not tell his employer he had suffered a hernia at work at the time of his termination. *Id.* at *2-3. After being told he needed surgery in April 1995, the employee reported a claim to his prior employer's workers' compensation carrier. *Id.* at *3. With respect to this portion of the case history, the court explained:

> [The adjuster] informed [the employee] that [the third-party administrator] would investigate the claim, and then she took steps to obtain medical records from his doctors. [The adjuster] also attempted to contact the two persons [the employee] claimed to have notified about his injury. She did not tell him that his claim would be paid, or that his claim was compensable, or offer to negotiate.
>
> . . . .
>
> [The employee] acknowledged that [the adjuster] never said that she was negotiating a claim or would settle the claim, but that she was "still investigating" the claim, and that he would hear from her when she decided the claim. [The employee] realized that [the adjuster] could just as easily deny the claim as she could approve it.
>
> [The employee] argued that the actions of [the adjuster] in investigating the claim estopped [the employer] from relying on the Statute of Limitations and/or constituted a waiver of the Statute of Limitations. [The employee] acknowledged at trial that there was no misrepresentation or concealment of material facts by [the employer] but contended that the actions of the adjuster "lulled him to sleep."

*Id.* at *3-4. The employer in *Beckett* filed a motion for summary judgment on the statute of limitations issue, and the trial court bifurcated the case and ultimately dismissed the employee's petition based on its rejection of the employee's estoppel theory. *Id.* at *1-2. On appeal, the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel affirmed, also rejecting application of an equitable estoppel theory. The court explained:

> [T]he existing doctrine of equitable estoppel *with its requirement that the opposing party have engaged in misconduct* more appropriately strikes a balance between the need for predictable procedural rules on the one hand and the need to relieve innocent parties of the consequences of the expiration of the [statute of] limitations on the other.
>
> The plaintiff must prove *an affirmative misrepresentation* by the defendant to implicate the doctrine of waiver or equitable estoppel and we

7

agree with the trial judge that the statements by [the adjuster] are not equatable to affirmative misrepresentation.

*Id.* at *5-6 (some emphasis added).

In short, we conclude Employee has come forward with no evidence at the summary judgment stage to suggest the adjuster misrepresented any fact in the case or advised Employee his claims would be accepted. Although Employee alleges he was relying on the adjuster, he has pointed to no specific actions or inactions on the part of Employer or its claims representative that were designed to mislead him or prevent him from timely filing his claim. The adjuster had no affirmative duty to advise Employee as to the date she believed his statute of limitations would expire with respect to any claim he asserted.

Finally, we agree with Employer that the late filing of a Notice of Denial, standing alone, is insufficient to establish a genuine issue of material fact regarding whether a material misrepresentation occurred or whether Employer should be estopped from raising the statute of limitations as a defense. Accordingly, because Employer affirmatively negated an essential element of Employee's claim and because Employee failed to establish that a genuine issue of material fact exists meriting a trial, Employer's motion for summary judgment should have been granted.

## Conclusion

For the foregoing reasons, we reverse the trial court's order denying summary judgment and remand the case to the trial court for entry of an order consistent with this opinion. Costs on appeal are taxed to Employee.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Jose Cisneros | Docket No. 2025-80-2327 |
| v. | State File No. 860110-2025 |
| Brandenburg Industrial Service Co., et al. | |
| Appeal from the Court of Workers' Compensation Claims Allen Phillips, Judge | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 22nd day of January, 2026.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|------|----------------|------------------|---------|-----------|----------|
| Travis J. Ledgerwood | | | | X | travis.ledgerwood@zurichna.com christi.mejias@zurichna.com |
| Jose Cisneros | | | | X | jose.cisneros68@yahoo.com |
| Allen Phillips, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov